**FINAZZO COSSOLINI O'LEARY**
**MEOLA & HAGER, LLC**
36 Cattano Ave. – Suite 500
Morristown, N.J. 07960
Attorneys for Defendant
The Travelers Indemnity Company of Connecticut
(improperly pled as Travelers Indemnity Company
of Connecticut)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSWALD & TAYLOR, INC. | Civil Action No. _____ |
| Plaintiff,<br>v. | Removed from: |
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, JOHN DOES 1-7, XYZ CORPORATION, (Fictitious Persons and Business Entities Whose Identities Are Presently Unknown), | Superior Court of the State of New Jersey, Cape May County<br><br>Docket No. L -611-11 |
| Defendants. | **NOTICE OF REMOVAL** |

**TO:** **Clerk of the Court**
Ⅰ  United States District Court
District of New Jersey
Mitchell H. Cohen U.S. Courthouse
One John F. Gerry Plaza
Camden, New Jersey 08101

**David S. DeWeese, Esquire**
Stagliano, DeWeese & Fuscellaro, P.A.
3200 Pacific Avenue
Wildwood, New Jersey 08260
Attorneys for Plaintiff

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant

The Travelers Indemnity Company of Connecticut (improperly pled as Travelers Indemnity

Company of Connecticut and hereinafter referred to as "Travelers"), by its undersigned

attorneys, Finazzo Cossolini O'Leary Meola & Hager LLC, hereby removes the above-captioned

civil action, and all claims and causes of action therein, from the Superior Court of the State of New Jersey, County of Cape May, to the United States District Court for the District of New Jersey.  The grounds for removal are as follows:

1.    On November 9, 2011, Plaintiffs commenced an action in the Superior Court of the State of New Jersey, Law Division, County of Cape May, Docket No. L-611-11.

2.    Travelers was served with the Summons and Complaint on November 21, 2011. Therefore, this Notice of Removal is timely.

3.    Copies of all process, pleadings and orders were served upon Travelers in the state court action, consisting at this time of the Summons and Complaint, are attached hereto as Exhibit A.

4.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Travelers pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.    According to the Complaint, Plaintiff Oswald & Taylor, Inc. is a corporation and citizen of the State of New Jersey, with its principal place of business located at 1003 New Jersey Avenue, North Wildwood, New Jersey.  Defendant The Travelers Indemnity Company of Connecticut is a corporation and citizen of the State of Connecticut, with its principal place of business located in Hartford, Connecticut.

6.    There is complete diversity of citizenship between the parties hereto, thereby satisfying the diversity of citizenship requirement of 28 U.S.C. § 1332.

7.     Upon information and belief, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, thereby satisfying the amount in controversy requirement of 28 U.S.C. § 1332.

8.     Travelers will promptly serve a copy of this Notice of Removal on counsel for Plaintiff, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of New Jersey, County of Cape May, pursuant to 28 U.S.C. § 1446(d).

9.     **WHEREFORE**, Defendant, The Travelers Indemnity Company of Connecticut, under 28 U.S.C. §§ 1332 and 1441, removes this action in its entirety from the Superior Court of the State of New Jersey, County of Cape May, to the United States District Court for the District of New Jersey.

**FINAZZO COSSOLINI O'LEARY
MEOLA & HAGER, LLC**

By: */s/ Rachel R. Hager*
         RACHEL R. HAGER, ESQ.
         36 Cattano Ave. – Suite 500
         Morristown, N.J. 07960
         Attorneys for Defendant
         The Travelers Indemnity
         Company of Connecticut
         (improperly pled as Travelers Indemnity
         Company of Connecticut)
         (973) 343-4960
         Rachel.Hager@Finazzolaw.com

Dated:  December 19, 2011.

3

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 11.2</u>

I certify that the subject matter now before this Court is not part of any other

action pending in any Court or of any pending arbitration or administrative proceeding.

Dated:  December 19, 2011

**FINAZZO COSSOLINI O'LEARY
MEOLA & HAGER, LLC**

By: */s/ Rachel R. Hager*
       RACHEL R. HAGER, ESQ.
       36 Cattano Ave. – Suite 500
       Morristown, N.J. 07960
       Attorneys for Defendant
       The Travelers Indemnity
       Company of Connecticut
       (improperly pled as Travelers
       Indemnity Company of Connecticut)
       (973) 343-4960
       Rachel.Hager@Finazzolaw.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December 2011 that the foregoing Notice of Removal was electronically filed with the Clerk of the Court, United States District Court for the District of New Jersey and a copy was served via e-mail and regular mail upon the following known counsel of record:

**David S. DeWeese, Esquire**
Stagliano, DeWeese & Fuscellaro, P.A.
3200 Pacific Avenue
Wildwood, New Jersey 08260
Attorneys for Plaintiff

/s/ Rachel R. Hager
Rachel R. Hager, Esq.

# EXHIBIT A

David S. DeWeese, Esquire
**STAGLIANO, DeWEESE & FUSCELLARO, P.A.**
3200 Pacific Avenue
Wildwood, NJ 08260
(609) 522-5599
Attorney for Plaintiff, Oswald & Taylor, Inc.

CORPORATE LITIGATION
HARTFORD

**NOV 1 8 2011**

RECEIVED PM

| | |
|---|---|
| OSWALD & TAYLOR, INC. | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION |
| Plaintiff, | : CAPE MAY COUNTY |
| | : |
| v. | : DOCKET NO.: CPM-L-611-11 |
| | : |
| TRAVELERS INDEMNITY COMPANY | : |
| OF CONNECTICUT, JOHN DOES 1 – 7, | :    Civil Action |
| XYZ CORPORATION | : |
| (Fictitious Persons and Business Entities | :    **SUMMONS** |
| Whose Identities Are Presently Unknown) | : |
| | : |
| Defendants. | : |
| | : |

**FROM THE STATE OF NEW JERSEY**
**TO THE DEFENDANT(S) NAMED ABOVE: TRAVELERS INDEMNITY**
                                                    **COMPANY OF CONNECTICUT**

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and proof of service with the Deputy Clerk of the Superior Court in the County listed above within 35 days from the date you received this Summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the court may enter a Judgment against you for the relief plaintiff demands, plus interest and costs of suit. If Judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the Judgment.

If you cannot afford an attorney, you may call the Legal Services Office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: November 16, 2011

Jennifer Perez
Clerk of the Superior Court

Name of defendant to be served:

Address of defendant to be served:

Travelers Indemnity Company of
Connecticut
One Tower Square
Hartford, CT 06183

# DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES
## COUNTY LAWYER REFERRAL AND LEGAL SERVICES OFFICES

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL (609) 345-3444
LEGAL SERVICES (609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division; Room 115
Justice Center
10 Main St.
Hackensack, NJ 07601
LAWYER REFERRAL (201) 488-0044
LEGAL SERVICES (201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
Courts Facility, First Floor
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL (609) 261-4862
LEGAL SERVICES (800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice, 1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103
LAWYER REFERRAL (856) 964-4520
LEGAL SERVICES (856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ-08210
LAWYER REFERRAL (609) 463-0313
LEGAL SERVICES (609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts.
P.O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL (856) 692-6207
LEGAL SERVICES (856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court Civil
Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL (973) 622-6204
LEGAL SERVICES (973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
Court House, First Floor
1 North Broad Street, P.O. Box 750
Woodbury, NJ 08096
LAWYER REFERRAL (856) 848-4589
LEGAL SERVICES (856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House—1st Floor
583 Newark Ave.,
Jersey City, NJ 07306
LAWYER REFERRAL (201) 798-2727
LEGAL SERVICES (201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL (908) 735-2611
LEGAL SERVICES (908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL (609) 585-6200
LEGAL SERVICES (609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL (732) 828-0053
LEGAL SERVICES (732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL (732) 431-5544
LEGAL SERVICES (732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL (732) 240-3666
LEGAL SERVICES (732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL (973) 278-9223
LEGAL SERVICES (973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street, P.O. Box 29
Salem, NJ 08079
LAWYER REFERRAL (856) 678-8363
LEGAL SERVICES (856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876
LAWYER REFERRAL (908) 685-2323
LEGAL SERVICES (908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL (908) 353-4715
LEGAL SERVICES (908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (908) 475-2010



CORPORATION SERVICE COMPANY®

SLM / ALL
**Transmittal Number: 9334950**
**Date Processed: 11/22/2011**

# Notice of Service of Process

| Primary Contact: | Pamela Hoff
The Travelers Companies, Inc.
385 Washington Street,  MC 515A
Saint Paul, MN 55102 |
|---|---|

| Entity: | The Travelers Indemnity Company of Connecticut
Entity ID Number  2317466 |
|---|---|
| **Entity Served:** | Travelers Indemnity Company of Connecticut |
| **Title of Action:** | Oswald & Taylor, Inc. vs. Travelers Indemnity Company of Connecticut |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Cape May County Superior Court, New Jersey |
| **Case/Reference No:** | CPM-L-611-11 |
| **Jurisdiction Served:** | New Jersey |
| **Date Served on CSC:** | 11/21/2011 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | Travelers on 11/18/2011 |
| **How Served:** | Client Direct |
| Sender Information: | David S. DeWeese
609-522-5599 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

David S. DeWeese, Esquire
STAGLIANO, DeWEESE & FUSCELLARO, P.A.
3200 Pacific Avenue
Wildwood, NJ 08260
(609) 522-5599
Attorney for Plaintiff, Oswald & Taylor, Inc.

F I L

NOV 09 2011

CUR Dn
S. CON  CA

| | |
|---|---|
| OSWALD & TAYLOR, INC. | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION |
| Plaintiff, | : CAPE MAY COUNTY |
| | : |
| v. | : DOCKET NO. _L-611-11_ |
| | : |
| TRAVELERS INDEMNITY COMPANY | : |
| OF CONNECTICUT, JOHN DOES 1 – 7, | : Civil Action |
| XYZ CORPORATION | : |
| (Fictitious Persons and Business Entities | : COMPLAINT |
| Whose Identities Are Presently Unknown) | : |
| | : |
| Defendants. | : |
| | : |

The Plaintiff, Oswald & Taylor, Inc., whose principal place of business is 1003 New

Jersey Avenue, City of North Wildwood, County of Cape May and State of New Jersey by way

of Complaint against the Defendant, Travelers Indemnity Company of Connecticut (hereinafter

"Travelers"), says:

## FIRST COUNT

1.)     The Plaintiff, Oswald & Taylor, Inc., is the owner of certain real property located

at 1003 New Jersey Avenue, City of North Wildwood, New Jersey, Cape May County, State

New Jersey.

2.)     The Defendant, Travelers, is an insurance company licensed to do business in the

State of New Jersey whose mailing address is P.O. Box 1900, Morristown, New Jersey.

3.)     The Plaintiff and Defendant entered into a contract for insurance which issued on

February 19, 2010 and had an effective date of April 1, 2010. The Defendant issued a policy c

insurance to the Plaintiff insuring the property of the Plaintiff known as 1003 New Jersey Avenue, North Wildwood, New Jersey. The policy was issued under policy #I-680-9442H298-TCT-10. The policy period for the policy was April 1, 2010 to April 1, 2011. *(A copy of the Declaration Page of the Travelers Insurance Policy is attached hereto as Exhibit "A")*.

4.)     The policy of insurance that issued from the Defendant to the Plaintiff provided "Businessowners Property Coverage" with a limit of insurance of $1,040,704.00.

5.)     The policy of insurance insured the Plaintiff's building for damages sustained as a result of water infiltration, fungus, wet rot and/or dry rot (Endorsements IL-T8-01-01-01 and MP-T3-23-08-06). *(A copy of the Endorsements are attached hereto as Exhibit "B")*.

6.)     In or about October of 2010, the Plaintiff discovered damage to the roof structure of the commercial building located at 1003 New Jersey Avenue and reported that damage to the Defendant. The Defendant, Travelers, established the Date of Loss as October 24, 2010.

7.)     The Plaintiff, through an engineering expert, has determined that the damage that has occurred to the commercial building was caused by substantial snow fall and/or ice damming which caused a collapse in the roof structure, water infiltration and decay. Said decay was hidden and not visible.

8.)     The Plaintiff submitted to the Defendant a claim under the policy of insurance for the damage to the roof structure. The Plaintiff demanded monetary damages under the policy to repair and/or replace the damaged roof structure.

9.)     The Defendant wrongfully denied the Plaintiff's claim and has refused to pay for the repair and/or replacement of the roof of the Plaintiff's structure.

10.)    The Defendant breached their duty under the contract of insurance to pay the Plaintiff's claim.

*WHEREFORE*, Plaintiff, Oswald & Taylor, Inc., demands Judgment against the Defendant, Travelers Indemnity Company of Connecticut, as follows:

A.) For contract damages as would reasonably compensate them for the loss incurred, and

B.) For Plaintiff's out of pocket expenditures; and

C.) For attorney's fees and costs of suit; and

D.) For such other relief as the Court may deem equitable and just.

## SECOND COUNT

1.) Plaintiff hereby repeats the allegations contained in the First Count of this Complaint and incorporates them herein by this reference as if same were set forth at length herein.

2.) The Defendant, Travelers, unjustifiably denied the Plaintiff's claim and has failed to honor their duty under the contract to pay the Plaintiff's claim.

3.) The Defendant's denial of the Plaintiff's claim was in "bad faith", and was without any basis in fact, contract, law, or otherwise.

*WHEREFORE*, Plaintiff, Oswald & Taylor, Inc., demands Judgment against the Defendants, Travelers Indemnity Company of Connecticut, as follows:

A.) For "Bad Faith" Damages; and

B.) For Plaintiff's out of pocket expenditures; and

C.) For attorney's fees and costs of suit; and

D.) Such other relief as the Court may deem equitable and just.

3

### THIRD COUNT

1.) The Plaintiff, Oswald & Taylor, Inc., repeats the allegations contained in the First and Second Counts of the Complaint as if the same were set forth at length herein.

2.) John Does 1- 7 is a fictitious name and the parties intended being one or more persons whose identities are presently unknown but will be ascertained during the course of pre-trial discovery.

3.) The conduct, actions or omissions of the Defendant, John Does 1- 7 as are to be determined during the course of pre-trial discovery, were substantial factors in this matter as more fully described hereinabove.

WHEREFORE, the Plaintiff, Oswald & Taylor, Inc., demands judgment against the Defendants, John Does 1 - 7, for damages, together with interest and costs of suit as set forth above.

### FOURTH COUNT

1.) The Plaintiff, Oswald & Taylor, Inc., repeats the allegations contained in the First, Second and Third Counts and incorporates the same by reference as if repeated at length herein.

2.) XYZ Corp. is a fictitious name and the party intended being one or more corporations, partnerships and/or business entities whose identities are presently unknown but will be determined during the course of pre-trial discovery.

3.) The conduct, actions or omissions of the Defendant, XYZ Corp., as are to be determined during the course of pre-trial discovery, were substantial factors in this matter as more fully described hereinabove.

WHEREFORE, the Plaintiff, Oswald & Taylor, Inc., demands judgment against the Defendants, XYZ Corp., for damages, together with interest and costs of suit as set forth above.

STAGLIANO, DEWEESE
& FUSCELLARO, P.A.

By: _____
David S. DeWeese, Esquire
Attorney for Plaintiff

DATED:   October 25, 2011

## JURY DEMAND

Pursuant to R. *4:35-1*, the Plaintiff, Oswald & Taylor, Inc., hereby demands a trial by jury as to all issues contained herein.

STAGLIANO, DEWEESE
& FUSCELLARO, P.A.

By: _____
David S. DeWeese, Esquire
Attorney for Plaintiff

Date:   October 25, 2011

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. *4:25-4*, David S. DeWeese, Esquire, is hereby designated as Trial Counsel for the Plaintiff, Oswald & Taylor, Inc., in the above matter.

STAGLIANO, DEWEESE
& FUSCELLARO, P.A.

By: _____
David S. DeWeese, Esquire
Attorney for Plaintiff

Date:   October 25, 2011

5

## NOTICE OF ACTION

Pursuant to the provisions of R.4:5-1, I hereby certify as follows:

1.   The matter in controversy is not the subject of any other Action pending in any other Court or of a pending arbitration proceeding.

2.   It is contemplated that the matter in controversy will not become the subject of any other Action pending in any other Court or of a pending arbitration proceeding.

3.   I am not presently aware of the identity of any other party who shall be joined in this Action.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

STAGLIANO, DeWEESE
& FUSCELLARO, P.A.

By: _____
David S. DeWeese, Esquire
Attorney for Plaintiff

DATED:   October 25, 2011

6

Appendix XII-B1

| CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| | CHECK NO. |
| | AMOUNT: |
| | OVERPAYMENT: |
| | BATCH NUMBER: |

| ATTORNEY/PRO SE NAME David S. DeWeese, Esquire | TELEPHONE NUMBER (609) 522-5599 | COUNTY OF VENUE Cape May |
|---|---|---|
| FIRM NAME (if applicable) Stagliano, DeWeese & Fuscellaro, P.A. | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS 3200 Pacific Avenue Wildwood, New Jersey 08260 | | DOCUMENT TYPE Complaint |
| | | JURY DEMAND  ☒ Yes  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) Oswald & Taylor, Inc. | CAPTION Oswald & Taylor, Inc. v. Travelers Indemnity Company of Connecticut, et als. |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing) 505 | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO |
| | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?  ☐ Yes  ☒ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ Yes  ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)  ☐ NONE  ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☐ Yes  ☒ No | IF YES, IS THAT RELATIONSHIP:  ☐ EMPLOYER/EMPLOYEE  ☐ FAMILIAL  ☐ FRIEND/NEIGHBOR  ☐ BUSINESS  ☐ OTHER (explain) |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ☒ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ Yes  ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?  ☐ Yes  ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

EXHIBIT "A"



**TRAVELERS**                                    One Tower Square, Hartford, Connecticut 06183

---

BUSINESSOWNERS COVERAGE PART DECLARATIONS
BUILDING PAC PLUS                      POLICY NO.: I-680-9442H298-TCT-10
                                       ISSUE DATE: 02-19-10

INSURING COMPANY:
THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

POLICY PERIOD:
From 04-01-10 to 04-01-11 12:01 A.M. Standard Time at your mailing address.

FORM OF BUSINESS:   CORPORATION

COVERAGES AND LIMITS OF INSURANCE:  Insurance applies only to an item for which a
"limit" or the word "included" is shown.


### COMMERCIAL GENERAL LIABILITY COVERAGE

| OCCURRENCE FORM | LIMITS OF INSURANCE |
|---|---|
| General Aggregate (except Products-Completed Operations Limit) | $ 2,000,000 |
| Products-Completed Operations Aggregate Limit | $ 2,000,000 |
| Personal and Advertising Injury Limit | $ 1,000,000 |
| Each Occurrence Limit | $ 1,000,000 |
| Damage to Premises Rented to You | $ 300,000 |
| Medical Payments Limit (any one person) | $ 5,000 |


### BUSINESSOWNERS PROPERTY COVERAGE

DEDUCTIBLE AMOUNT:  Businessowners Property Coverage:  $ 2,500 per occurrence.
                    Building Glass:                   $ 2,500 per occurrence.


BUSINESS INCOME/EXTRA EXPENSE LIMIT:  Actual loss subject to a maximum limit of
                                      $   110,333

Period of Restoration-Time Period:   72 Hours



Other additional coverages apply and may be changed by an endorsement.  Please
read the policy.




SPECIAL PROVISIONS:
## COMMERCIAL GENERAL LIABILITY COVERAGE
## IS SUBJECT TO A GENERAL AGGREGATE LIMIT

BUSINESSOWNERS PROPERTY COVERAGE

PREMISES LOCATION NO.:  01        BUILDING NO.:  01

| COVERAGE | LIMIT OF INSURANCE | VALUATION | COINSURANCE | INFLATION GUARD |
|---|---|---|---|---|
| BUILDING | $    1,040,704 | RC* | N/A | 0.0% |

  *Replacement Cost

Other coverage extensions apply and may be changed by an endorsement.  Please read
the policy.

MP TO 01 02 05 (Page 2 of 03)

EXHIBIT "B"

POLICY NUMBER: I-680-9442H298-TCT-10

EFFECTIVE DATE: 04-01-10

ISSUE DATE: 02-19-10

LISTING OF FORMS, ENDORSEMENTS AND SCHEDULE NUMBERS

THIS LISTING SHOWS THE NUMBER OF FORMS, SCHEDULES AND ENDORSEMENTS
BY LINE OF BUSINESS.

```
* IL T0 25 08 01    RENEWAL CERTIFICATE
* MP T0 01 02 05    BUSINESSOWNERS COVERAGE PART DECS
* IL T8 01 01 01    FORMS, ENDORSEMENTS AND SCHEDULE NUMBERS
  IL T3 15 09 07    COMMON POLICY CONDITIONS
```

BUSINESSOWNERS

```
* MP T5 25 02 07    HURRICANE PERCENT DED - NEW JERSEY
* MP T1 30 02 05    TBL OF CONT-BUSINESSOWNERS COV-DELUXE
  MP T1 02 02 05    BUSINESSOWNERS PROPERTY COV-SPEC FORM
  MP T3 25 01 08    TERRORISM RISK INS ACT OF 2002 NOTICE
  MP T3 49 10 06    BUS INC & EXTRA EXP POL LEVEL DOLLAR LMT
  MP T3 50 11 06    EQUIP BREAKDOWN SERV INTERRUPTION LIM
  MP T3 56 02 08    AMENDATORY PROVISIONS-GREEN BLD
  MP T3 23 08 06    FUNGUS,WET ROT,DRY ROT CAUSE OF LOSS CHG
  MP T9 70 03 06    POWER PAC ENDORSEMENT
  MP T3 32 02 05    THEFT OF MONEY AND SECURITIES EXCLUSION
```

COMMERCIAL GENERAL LIABILITY

```
* CG T0 07 01 08    DECLARATIONS PREMIUM SCHEDULE
  CG T0 34 11 03    TABLE OF CONTENTS
  CG 00 01 10 01    COMMERCIAL GENERAL LIABILITY COV FORM
  CG D2 37 11 03    EXCLUSION-REAL ESTATE DEV ACTIVITIES
  CG D2 55 11 03    AMENDMENT OF COVERAGE - POLLUTION
  CG D3 09 11 03    AMEND ENDT-PRODUCTS-COMPLETED OPR HAZARD
  CG 21 70 01 08    CAP ON LOSSES-CERTIFIED ACTS-TERRORISM
  CG D0 37 04 05    OTHER INSURANCE-ADDITIONAL INSUREDS
  CG D1 86 11 03    XTEND ENDORSEMENT
  CG D2 03 12 97    AMEND-NON CUMULATION OF EACH OCC
  CG D2 34 01 05    WEB XTEND - LIABILITY
  CG D2 43 01 02    FUNGI OR BACTERIA EXCLUSION
  CG D2 56 11 03    AMENDMENT OF COVERAGE
  CG D2 88 11 03    EMPLOYMENT-RELATED PRACTICES EXCLUSION
  CG D3 26 01 04    EXCLUSION-UNSOLICITED COMMUNICATIONS
  CG D3 56 01 05    MOBILE EQUIP/EXCL VEHICLES SUB TO MV LAW
* CG 21 51 09 89    AMEND LIQUOR LIAB EXCL EXCEPT SCHED ACT
  CG D1 42 01 99    EXCLUSION-DISCRIMINATION
  CG D2 42 01 02    EXCLUSION WAR
  CG T4 78 02 90    EXCLUSION-ASBESTOS
  CG 26 20 10 93    NJ CHANGES-LOSS INFORMATION
  CG T3 33 11 03    LIMIT WHEN TWO OR MORE POLICIES APPLY
```

* TEXT IN THIS FORM HAS CHANGED, OR THE FORM WAS NOT ON POLICY BEFORE.

IL T8 01 01 01

POLICY NUMBER:   I-680-9442H298-TCT-10

EFFECTIVE DATE:  04-01-10

ISSUE DATE:  02-19-10

INTERLINE ENDORSEMENTS

| IL T3 82 08 06 | EXCL OF LOSS DUE TO VIRUS OR BACTERIA |
| IL T3 79 01 08 | CAPS ON LOSSES FROM CERT ACTS OF TERROR |
| IL 00 21 09 08 | NUCLEAR ENERGY LIAB EXCL END-BROAD FORM |
| IL 01 11 11 03 | NEW JERSEY CHANGES |
| IL 01 41 09 08 | NEW JERSEY CHANGES-CIVIL UNION |
| IL 02 08 09 07 | NJ CHANGES-CANCELLATION AND NONRENEWAL |

* TEXT IN THIS FORM HAS CHANGED, OR THE FORM WAS NOT ON POLICY BEFORE.

IL T8 01 01 01

BUSINESSOWNERS
ISSUE DATE:   -   -

POLICY NUMBER:

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# FUNGUS, WET ROT, DRY ROT AND OTHER CAUSES OF LOSS CHANGES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS PROPERTY COVERAGE PART

**A.  SCHEDULE**

Limited "Fungus", Wet Rot or Dry Rot Coverage:

Direct Damage Limit of Insurance

$15,000   OR   ☐ $25,000   ☐ $50,000   ☐ $100,000   ☐ $250,000

**B.**  The EXCLUSIONS contained in Section B. of the BUSINESSOWNERS PROPERTY COVERAGE FORM are amended as follows:

1.  The following exclusion is added to B.1.:

**"Fungus", Wet Rot or Dry Rot**

a.  We will not pay for loss or damage, or any increase in the amount of loss or damage, caused directly or indirectly by or resulting from the presence, growth, proliferation, spread or any activity of "fungus", wet rot or dry rot.

But if "fungus", wet rot or dry rot results in a "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss".

This exclusion does not apply:

(1)  When "fungus", wet rot or dry rot results from fire or lightning; or

(2)  To the extent that coverage is provided in the Additional Coverage – Limited "Fungus", Wet Rot or Dry Rot in Section C.1. below of this endorsement with respect to loss or damage by a cause of loss other than fire or lightning.

2.  The exclusions contained in B.2. are amended as follows:

a.  Under exclusion B.2.d.(2), reference to fungus, wet rot or dry rot, mold is deleted.

b.  Exclusion B.2.f. is deleted and replaced by the following:

We will not pay for loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more.

**C.**  The Additional Coverages contained in Section A.5. of the BUSINESSOWNERS PROPERTY COVERAGE FORM are amended as follows:

1.  The following Additional Coverage is added:

**Additional Coverage – Limited "Fungus", Wet Rot or Dry Rot**

a.  The coverage described in b. and c. below only applies when the "fungus", wet rot or dry rot is the result of a "specified cause of loss", other than fire or lightning, that occurs during the policy period and only if all reasonable means have been used to save and preserve the property from further damage at the time of and after that occurrence.

b.  Limited "Fungus", Wet Rot or Dry Rot – Direct Damage

(1)  We will pay for direct physical loss or damage to Covered Property caused by "fungus", wet rot or dry rot, including:

(a)  The cost of removal of the "fungus", wet rot or dry rot;

(b)  The cost to tear out and replace any part of the building or other property as needed to gain access to the "fungus", wet rot or dry rot; and

(c)  The cost of testing performed after removal, repair, replacement or restoration of the damaged property is completed, provided there is a reason to believe that

MP T3 23 08 06

BUSINESSOWNERS

"fungus", wet rot or dry rot are present.

(2) The coverage described in b.(1) above is limited to $15,000, or the limit of insurance shown in the Schedule of this endorsement for Limited "Fungus", Wet Rot or Dry Rot Coverage -- Direct Damage. Regardless of the number of claims, this limit is the most we will pay for the total of all loss or damage under this coverage arising out of all occurrences of "specified causes of loss" (other than fire or lightning) which take place in a 12 month period (starting with the beginning of the present annual policy period). With respect to a particular occurrence of loss which results in "fungus", wet rot or dry rot, we will not pay more than a total of this annual limit even if the "fungus", wet rot or dry rot continues to be present or active, or recurs, in a later policy period.

(3) The coverage provided under this Limited "Fungus", Wet Rot or Dry Rot Coverage -- Direct Damage does not increase the applicable Limit of Insurance on any Covered Property. If a particular occurrence results in loss or damage by "fungus", wet rot or dry rot, and other loss or damage, we will not pay more for the total of all loss or damage than the applicable Limit of Insurance on the Covered Property.

(4) If there is covered loss or damage to Covered Property that is not caused by "fungus", wet rot or dry rot, loss payment will not be limited by the terms of this Limited "Fungus", Wet Rot or Dry Rot  Coverage – Direct Damage, except to the extent that "fungus", wet rot or dry rot causes an increase in the loss. Any such increase in the loss will be subject to the terms of this Limited "Fungus", Wet Rot or Dry Rot  Coverage -- Direct Damage.

c. Limited "Fungus", Wet Rot or Dry Rot Coverage – Business Income and Extra Expense

The following Limited "Fungus", Wet Rot or Dry Rot Coverage provisions for Business Income and Extra Expense apply only if Business Income and/or Extra Ex-

pense coverage applies to the described premises and only if the suspension of "operations" satisfies all of the terms of the applicable Business Income and/or Extra Expense coverage:

(1) If the loss which results in the "fungus", wet rot or dry rot does not in itself necessitate a suspension of "operations", but such suspension of "operations" is necessary due to loss or damage to property at the described premises caused by "fungus", wet rot or dry rot, then our payment for Business Income and/or Extra Expense is limited to the amount of loss and/or expense sustained in a period of not more than 30 days. The days need not be consecutive.

(2) If a covered suspension of "operations" is caused by loss or damage at the described premises by other than "fungus", wet rot or dry rot, but remediation of "fungus", wet rot or dry rot prolongs the "period of restoration", we will pay for loss and/or expense sustained during the delay, regardless of when such a delay occurs during the "period of restoration", but such coverage is limited to 30 days. The days need not be consecutive.

The coverage provided under this Limited "Fungus", Wet Rot or Dry Rot  Coverage – Business Income and Extra Expense is included in, and not in addition to any limit or description of coverage for Business Income shown on the Businessowners Coverage Part Declarations or under the Extra Expense Additional Coverage.

d. The terms of this Limited Coverage do not increase or reduce the coverage under the Water Damage, Other Liquids, Powder or Molten Damage Additional Coverage Extension or the coverage provided for collapse of buildings or structures under the Collapse of Buildings exclusion.

D. The DEFINITIONS contained in Section G. are amended as follows:

1. The definition of "Specified Causes of Loss" is deleted and replaced by the following:

"Specified Causes of Loss" means the following: Fire; lightning; explosion; windstorm or hail; smoke; aircraft or vehicles; riot or civil

commotion; vandalism; leakage from fire extinguishing equipment; sinkhole collapse as defined below; volcanic action; falling objects as limited below; weight of snow, ice or sleet; and water damage as defined below; all only as otherwise insured against in this Coverage Form.

a. Sinkhole collapse means the sudden sinking or collapse of land into underground empty spaces created by the action of water on limestone or dolomite. This cause of loss does not include:

(1) The cost of filling sinkholes; or

(2) Sinking or collapse of land into man-made underground cavities.

b. Falling objects does not include loss or damage to:

(1) Personal property in the open; or

(2) The "interior of a building or structure", or property inside a building or structure, unless the roof or an outside wall of the building or structure is first damaged by a falling object.

c. Water damage means accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of any part of a system or appliance (other than a sump system including its related equipment and parts) containing water or steam.

When the Causes of Loss – Earthquake endorsement, Causes of Loss – Earthquake Sprinkler Leakage endorsement or Causes of Loss – Broad Form Flood endorsement is included in this policy, "specified causes of loss" also includes such cause of loss, but only to the extent such cause of loss is insured against under this Coverage Form.

2. The following definition is added:

"Fungus" means any type or form of fungus, including but not limited to mold or mildew, and any mycotoxins, spores, scents or by-products produced or released by fungi.

E. Ordinance or Law Coverage Change

Under:

1. The ordinance or law coverage in Section A.6.i. Increased Cost of Construction of the Businessowners Property Coverage Form;

2. Ordinance or Law Coverage endorsement MP T3 16; and

3. Any other Ordinance or Law coverage or Ordinance or Law – Increased "Period of Restoration" coverage provided under this Coverage Part;

the following exclusion is added:

This coverage does not apply to:

a. Loss caused by or resulting from the enforcement of any ordinance or law which requires the demolition, repair, replacement, reconstruction, remodeling or remediation of property due to the presence, growth, proliferation, spread or any activity of "fungus", wet rot or dry rot; or

b. Costs associated with the enforcement of any ordinance or law which requires any insured or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "fungus", wet rot or dry rot.

CAPE MAY COUNTY DIV - 203
SUPERIOR COURT
9 NORTH MAIN STREET
CAPE MAY CRT HSE NJ 08210-3096

COURT TELEPHONE NO. (609) 463-6514
COURT HOURS

TRACK ASSIGNMENT NOTICE

DATE:     NOVEMBER 04, 2011
RE:       OSWALD & TAYLOR INC VS TRAVELERS INDEMNITY EF AL
DOCKET:   CPM L -000611 11

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

DISCOVERY IS    150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON DARYL F. TODD     001

AT:   IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
      (609) 463-6514.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

            ATTENTION:

                         STAGLIANO & DEWESSE
                         3210 PACIFIC AVENUE
                         WILDWOOD       NJ 08260

JUDGNNG